**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANGEL M. REYES )
) No. 17-390
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## OPINION AND ORDER

## SYNOPSIS

Plaintiff seeks review of the decision denying him social security disability insurance benefits. Plaintiff claims disability due to physical and mental impairments. Plaintiff's applications was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied Plaintiff's request for review. The parties' Cross-Motions for Summary Judgment are now before the Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the residual functional capacity ("RFC") is not supported by the evidence. In particular, Plaintiff contends that the ALJ erred in affording little weight to the opinion of treating psychiatrist Dr. Tazi, in giving great weight to the opinion of non-examining state agency reviewer Dr. Schiller, and in evaluating Plaintiff's subjective complaints. Central to

Plaintiff's contention is the fact that the record was devoid of records from Dr. Tazi and her facility, Behavioral Health, after August, 2013.

"A case must be remanded under sentence four of 42 U.S.C. § 405(g) when the ALJ fails to adequately develop the administrative record. Where there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence." Kendall v. Astrue, No. 10-263, 2011 U.S. Dist. LEXIS 106960, at *13-14 (E.D. Ky. Sep. 20, 2011). This duty exists even if the claimant is represented by counsel. Id. These principles must be viewed in light of the notion that an ALJ is entitled to assume that a counsel is making the strongest case for benefits. Yoder v. Colvin, 2014 U.S. Dist. LEXIS 82556 (W.D. Pa. June 18, 2014). Indeed, there is conflicting case law regarding the extent to which it is appropriate for the ALJ to rely on counsel to fill gaps in the record. See, e.g., Sotososa v. Colvin, No. 15-854, 2016 U.S. Dist. LEXIS 152800, at *10 (W.D.N.Y. Nov. 3, 2016) (collecting cases). It is clear, however, that remand may be warranted for a failure to develop the record, even when the ALJ leaves the record open and a claimant's counsel fails to submit additional materials. Welsh v. Colvin, No. 13-736, 2014 U.S. Dist. LEXIS 72341, at *6 (W.D. Pa. May 28, 2014). "As long as there is sufficient evidence in the record for him to make a decision regarding the claimant's disability, it is within the discretion of an ALJ to close the record." Kendall, 2011 U.S. Dist. LEXIS 106960, at *14.

During the April 9, 2015 hearing, Plaintiff's counsel apprised the ALJ that they were waiting for treatment records from Dr. Tazi, and requested fourteen days "to make sure." At the hearing, Plaintiff testified that he saw Dr. Tazi "very often," and had last seen her a week prior to the hearing. The ALJ stated that he would keep the record open for ten days. No additional treatment records from Behavioral Health were submitted, although other records were

submitted, and counsel did not request additional time or assistance regarding the records.[1] Accordingly, this matter proceeded with the acknowledged absence of psychiatric treatment records after 2013.

In his decision, the ALJ noted that Plaintiff began treating at Beaver Falls Behavioral Health ("Behavioral Health") in 2011, but that there were no clinical records after October, 2013. In September, 2014, Dr. Tazi, of Behavioral Health, completed a questionnaire indicating that she saw Plaintiff monthly and "as needed." She also indicated that Plaintiff had moderate and moderate-to-marked limitations in various areas of functioning, and no limitations in other areas. The ALJ, although noting the absence of records from Behavioral Health after October, 2013, assigned the "check box form assessment" little weight, because "it was conclusory and not supported by the clinical evidence." This Court notes that Dr. Tazi, who stated on the form that she last examined Plaintiff on August 13, 2014, did utilize the space provided on the form to offer explanations of her opinions.

Dr. Luigi, a psychologist, saw Plaintiff for evaluation in February, 2014. The records reflect that Dr. Tazi referred Plaintiff to Dr. Luigi for evaluation. Dr. Luigi reaffirmed prior diagnoses of bipolar disorder, generalized anxiety disorder, and PTSD. He also noted evidence of ADHD. The ALJ assigned little weight to Dr. Luigi's diagnoses of ADHD and PTSD because "none of the claimant's mental health providers diagnosed these impairments." Dr. Tazi's September 9, 2014 questionnaire, however, does in fact state a diagnosis of PTSD. and little weight to Dr. Luigi's assignment of a GAF of 48 because "he examined the claimant on only one occasion and this low score was not consistent with the claimant's clinical records or

[1] Subsequent to the ALJ's decision, Plaintiff submitted letters from Dr. Tazi dated November 15, 2015, along with another Mental Health Questionnaire completed by Dr. Tazi and dated October 27, 2015. That questionnaire again indicated that Dr. Tazi sees Plaintiff monthly, and that Plaintiff had biweekly therapy.

his abilities to perform substantial activities of daily living."[2] Having discounted the opinions of Drs. Tazi and Luigi, the ALJ gave great weight to the December, 2013 mental RFC of non-examining agency consultant Dr. Schiller, because it was "consistent with the treatment records and the other evidence of record."

In this case, either the record was insufficient to permit a decision, or the ALJ's explanation of his decision was insufficient. Given the chronological gap in the mental health record, it is unclear what "clinical records" or "treatment records" were deemed inconsistent with Dr. Tazi's and Dr. Luigi's assessments, but consistent with that of Dr. Schiller.[3] Because the treatment and clinical records were a material basis for the ALJ's discounting Dr. Tazi's opinion and Dr. Luigi's assessment, along with the fact that the ALJ's reason for discounting Dr. Luigi's PTSD assessment was mistaken, remand is warranted. On remand, an effort should be made to obtain records from Behavioral Health after 2013. Moreover, these issues raise concerns about the ALJ's credibility assessment. The ALJ notes that Plaintiff's 13-year work history as a window cleaner, and his previous work as an assistant manager at a fast food restaurant, undermined his present allegations of disabling mental health impairments. There is little additional suggested explanation for the ALJ's decision that Plaintiff's statements regarding his mental impairments are "not entirely credible." Although remand might not have been warranted on credibility grounds alone, the ALJ should take the opportunity on remand to further explain his assessment of Plaintiff's credibility.

---

[2] Rejecting a GAF score because it resulted from a single examination is questionable. By its nature, a GAF is a "snapshot" of a person's level of functioning at the time of evaluation. Butler v. Colvin, No. 15-545, 2016 U.S. Dist. LEXIS 134651, at *40 n.8 (E.D. Pa. July 5, 2016).

[3] The other medical evidence discussed by the ALJ primarily relates to Plaintiff's physical condition. That evidence relates to Dr. Mathew, a state agency consulting examiner, Dr. Goetze, Plaintiff's primary care physician, and a radiology report.

## CONCLUSION

In conclusion, there is insufficient explanation to allow a conclusion that the ALJ's decision is supported by substantial evidence. This matter will be remanded for completion of the record, and reconsideration in light of the completed record. If the records are nonexistent or otherwise not available, the ALJ should nonetheless further explain the weight assigned to the evidence pertaining to Drs. Tazi and Luigi, as well as his credibility assessment. An appropriate Order follows.

BY THE COURT:

Donetta W. Ambrose

Judge, U.S. District Court

Dated:March 8, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANGEL M. REYES )
) No. 17-390
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**ORDER**

AND NOW, this 8th day of March, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

Donetta W. Ambrose

Senior Judge, U.S. District Court